UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 05-22-DLB

CALVIN COMPTON                                                                                    PLAINTIFF

vs.                                           <u>OPINION & ORDER</u>

NATIONWIDE MUTUAL INSURANCE CO. ET AL                              DEFENDANTS

*******************************

This matter is presently before the Court upon Plaintiff's Motion to Remand. (Doc. #2). Defendant filed a response (Doc. #3), to which Plaintiff replied. (Doc. #4). With leave of the Court, Defendant filed a surreply.[1] Defendant also filed a motion to set the matter for oral argument. (Doc. #5). The matter being fully briefed and the Court being sufficiently advised, the Court concludes that oral argument is not necessary. Therefore, Defendant's motion requesting the same is **denied**. For the reasons set forth below, Plaintiff's Motion to Remand is also **denied**.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

This case arises out of an automobile accident that occurred on Highway 2029 in Knott County, Kentucky on January 12, 2004. Curtis Jarvis was operating a 1989 Toyota SR5 pickup truck owned by his wife, Angel, when he pulled into the path of Plaintiff, who

---

[1] Defendant styled this motion "Sur-response to Plaintiff's Motion to Remand." (Doc. #8).

was operating a 1992 Mitsubishi Eclipse owned by his wife, Barbara. As a result of the accident, Plaintiff seriously injured his back and had to undergo surgery.

Jarvis was insured under a policy issued by Defendant Nationwide. That policy had coverage limits of $25,000. Plaintiff also had personal injury protection (PIP) coverage under a policy issued by Nationwide. According to Plaintiff, Nationwide failed to promptly offer Jarvis' policy limits, as well as any PIP benefits, which unduly delayed his corrective surgery. Plaintiff eventually underwent a lumbar discectomy on March 26, 2004. Plaintiff's counsel informed Nationwide's liability agent, Kelly Davidson, by letter dated April 16, 2004 that Nationwide's procrastination "could very well have resulted in paralysis [because] the extent of nerve damage caused by the delay in surgery is largely unknown." (Motion to Remand, Exhibit A). In that same letter, which was written before Plaintiff filed suit, counsel warned, "Quiet [sic] frankly, Nationwide's bad faith has made a mere policy limits claim a million dollar claim." (*Id.*).

Plaintiff filed suit on June 9, 2004 in Knott Circuit Court, charging Jarvis with negligence related to the automobile accident, and Nationwide and its agents with statutory bad faith related to its processing of the liability and PIP claims. Plaintiff and Curtis and Angel Jarvis are residents of Kentucky. Nationwide is an Ohio corporation with its principal office in Columbus, Ohio. Therefore, complete diversity did not exist at the time the complaint was filed. The complaint alleged, "As a direct and proximate cause of the collision...the Plaintiff was physically injured and suffered damages (past, present, and future) *far in excess of the jurisdictional amount of $4,000.00*." (emphasis added) The same statement of jurisdiction was made regarding Plaintiff's bad faith claim.

2

The parties conducted discovery in the months that followed. According to Plaintiff, "it became even more obvious to any experienced trial attorney that with a case such as this...the value would be far in excess of $75,000.00." (Doc. #2, ¶5). Plaintiff also argues that "the discovery conducted...shed light on the bad faith of Nationwide." (*Id.*, ¶6). In November 2004, Nationwide offered Jarvis' policy limits. Jarvis and his wife were dismissed as defendants on December 3, 2004. Following their dismissal, complete diversity existed, and Nationwide propounded a request for admission upon Plaintiff to clarify whether he is seeking more than $75,000 in damages. (Doc. #2, Exhibit D). This request was served upon Plaintiff on December 13, 2004, and Plaintiff responded affirmatively on January 14, 2005. (*Id*.). Nationwide filed its notice of removal on January 27, 2005. (Doc. #1). Plaintiff moved to remand the case to Knott Circuit Court on February 22, 2005 (Doc. #2), claiming that Defendant's notice of removal was untimely under 28 U.S.C. § 1446(b).

## II. ANALYSIS

The question presented by Plaintiff's motion is whether the time for removal began to run when the non-diverse defendants were formally dismissed, or when Nationwide received Plaintiff's response to its request for admission, clarifying that he is seeking more than $75,000 in damages. Section 1446 of Title 28 is the general removal statute. The second paragraph of subsection (b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after

3

commencement of the action.

28 U.S.C. § 1446(b).

In support of his motion to remand, Plaintiff raises two arguments. First, Plaintiff argues that the amount in controversy was never a barrier to removal and, therefore, the case became removable and the 30-day time limit commenced when the Jarvis' were dismissed and complete diversity existed. In support, Plaintiff relies on the case of *Gray v. Marcum*, No. 97-394, 1997 U.S. Dist. Lexis 24019, at *5 (E.D. Ky. Oct. 27, 1997).[2] Alternatively, Plaintiff argues that the letter sent by counsel to Kelly Davidson on April 16, 2004 clearly indicated that he is seeking more than $75,000, and constitutes "other paper" from which Defendant could have ascertained that the case was removable. Plaintiff imputes this knowledge (i.e., that the amount in controversy requirement was satisfied) to Defendant even before he filed suit in Knott Circuit Court, and at a time when complete diversity did not exist. In response, Defendant argues that it first determined that federal jurisdiction existed when it received Plaintiff's response to its request for admission. Under that standard, its notice of removal was timely. Defendant also contends that the April 16th letter cannot constitute "other paper" under section 1446(b) because it pre-dated the filing the complaint.

---

[2]In that case, the defendant filed its notice of removal 19 days after it received notification that the non-diverse defendant had settled his claim with the plaintiff. The court concluded that the notice of removal was timely under section 1446(b). Implicit in the court's reasoning was the conclusion that the notification of settlement and release constituted "other paper" under 28 U.S.C. § 1446(b). Plaintiff also appears to argue that the Agreed Order of Partial Dismissal, dismissing the Jarvis' as defendants, constitutes "other paper" from which Defendant could have ascertained that the case was removable. This case is distinguishable from *Gray* in that, even though complete diversity existed when the non-diverse defendants settled their claims, it was nevertheless unclear from the face of Plaintiff's complaint whether the second requirement for diversity jurisdiction (i.e., the amount in controversy) was satisfied.

4

Although not cited by either party, the Court begins by directing their attention to the case of *Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995), where this Court addressed the issue of when the 30-day period for removal begins to run when a complaint does not seek a specific amount of damages. That case involved a fatal tractor trailer/pickup truck collision on Interstate 64 in Clark County, Kentucky. *Id*. at 614-15. The driver of the pickup and administrator of the deceased passenger's estate commenced separate actions against the owner of the semi and its driver, alleging that the driver was negligent in operating the semi and that his negligence caused the collision. *Id*. at 615. Both plaintiffs alleged generally that the damages sought exceeded the minimum jurisdictional amounts of the Clark Circuit Court. *Id*. Following consolidation of the two cases, the parties conducted discovery. *Id*. The defendants propounded interrogatories and requests for production upon the driver of the pickup. *Id*. The driver tendered his responses on November 16, 1994, indicating that he was seeking damages in excess of $50,000, which was the amount in controversy at that time. *Wood*, 937 F. Supp. at 615. On December 14, 1994 - within 30 days of receiving the driver's answers - the defendants removed the case based on diversity jurisdiction. *Id*. The plaintiffs moved to remand on the ground that removal was untimely. *Id*. They also argued that "due to the nature of their claims...it could easily be assumed that the damages sought in either of their actions would exceed $50,000...." *Id*.

The Court began by citing the general rule that when a complaint fails to allege the requisite amount in controversy upon which to base removal, it is appropriate to engage in discovery to determine the precise nature and extent of the damages being sought. *Id*. at 616. A defendant may then properly rely on the information obtained during discovery

5

to remove an action within 30 days of receipt of such information. *Id. citing Ellis v. Logan Co.*, 543 F. Supp. 586, 589 (W.D. Ky. 1982). The Court then turned to the case of *Rollwitz v. Burlington N.R.R.*, 507 F. Supp. 582, 588-89 (D. Mont. 1981), where the district court stated:

> We have already observed that once the question of the amount in controversy has been placed in issue by the allegations by a timely petition for removal and consequent motion to remand that the court must undertake to make an independent evaluation of the value of the suit. We note in passing, however, that the same considerations do not necessarily apply when the issue is whether the defendant should be allowed to invoke the second paragraph of §§ 1446(b) to preserve the right of removal, i.e., the timeliness of removal. No purpose is served by requiring the defendant, or the court, to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures. *If the amount in controversy does not appear upon filing of the original complaint, the thirty-day period commences to run anew upon the receipt by the defendant of some subsequently filed pleading or other paper from which the defendant can first ascertain the case is removable*. 28 U.S.C. §§ 1446(b). (footnotes omitted).

*Wood*, 937 F. Supp. at 616-17. (emphasis added) The *Rollwitz* court sympathized with defendants who are forced to speculate regarding the amount of a plaintiff's claim for damages solely based upon the complaint:

> Adopting a rule which requires speculation as to the removability of an action places the defendant in a quandry [sic]: If he estimates that the requisite jurisdictional amount is in controversy and removes, and the plaintiff contests that estimate by motion to remand, the defendant will be required to pay the 'just costs' of his error in judgment if the court concludes that removal was improper. 28 U.S.C. §§ 1447(c). On the other hand, if the defendant estimates that removal is impossible only to have it appear after thirty days have passed that in fact more than the requisite amount was always in controversy, the right of removal would be lost if the court then concludes that removability was apparent from the initial pleadings. See *Horak [v. Color Metal of Zurich, Switzerland*, 285 F. Supp. 603 (D. N.J. 1968) ], and *[Lee v.] Altamil [Corp.*, 457 F. Supp. 979 (M.D. Fla. 1978) ]. Neither result is justified or necessary in a case where the plaintiff, if given the opportunity, is capable of stating the amount in controversy.

*Rollwitz*, 507 F. Supp. at 588, n. 7.

The Court in *Wood* determined that the defendants were handicapped by the plaintiffs' failure to specify the damages being sought in their respective complaints. *Wood*, 937 F. Supp. at 617. Borrowing from the court's rationale in *Rollwitz*, the Court also concluded that the defendants should not have been forced to speculate, guess, assume, or expect that the action was removable at the time the complaints were filed. *Id*. Instead, the Court held that once the defendants learned through discovery that each plaintiff's claim for damages exceeded the amount in controversy, they timely removed the cases under 28 U.S.C. § 1446(b). *Id*.

The *Wood* decision represents controlling authority on the issue of whether Defendant's notice of removal was timely under the second paragraph of § 1446(b). It also appears to state the majority rule. *See Webb v. Home Depot*, No. 00-A-220, 2000 WL 351992, at *2-3 (M.D. Ala. Mar. 27, 2000). Much like his counterparts in *Wood*, Plaintiff's complaint fails to specify the amount of damages being sought, except to state that they are "far in excess of the jurisdictional amount of $4,000.00." Armed with this limited knowledge, Defendant properly engaged in discovery to determine whether federal jurisdiction existed in light of the dismissal of the non-diverse defendants. Once that determination was made, Defendant timely filed its notice of removal.

One final matter deserves comment. In *Wood*, this Court also impliedly adopted *Rollwitz's* statement that "other paper" refers to subsequently filed pleadings or documents. Therefore, the Court rejects Plaintiff's argument that the April 16th letter, which pre-dated the filing of the complaint by nearly two months, triggered the alternative 30-day time limit under section 1446(b).

7

For the reasons cited above, and based on the applicable case law, the Court concludes that Defendant's notice of removal was timely under the second paragraph of 28 U.S.C. § 1446(b). The Court also concludes that oral argument on the pending motion is unnecessary.

### III. CONCLUSION

In accordance with the above, **IT IS ORDERED** that:

(1) Plaintiff's motion to remand this case back to Knott Circuit Court (Doc. #2) be, and hereby is, **DENIED**; and

(2) Defendant's motion for oral argument (Doc. #5) be, and hereby is, **DENIED**.

This 22nd day of June, 2005.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\Opinions\7-05-22-OpinionOrder.wpd