UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 05-22-DLB

CALVIN COMPTON                                                                                   PLAINTIFF

vs.                                           **OPINION & ORDER**

NATIONWIDE MUTUAL INSURANCE CO. ET AL                                    DEFENDANTS

*******************************

This matter is presently before the Court upon Plaintiff's motion to alter or amend a previously-entered judgment. (Doc. #11). Specifically, Plaintiff seeks relief from the Court's June 22, 2005 Opinion and Order denying his motion to remand (Doc. #9), under Federal Rule of Civil Procedure 59(e). The Court notes, however, that Rule 59(e) is inapplicable as it relates to cases in which a final judgment has been entered. Nevertheless, the Court will construe Plaintiff's motion as one to reconsider under Rule 60(b).[1] Defendants filed a response (Doc. #12), and the time for filing a reply having expired, the matter is now ripe for review.[2]

---

[1] Civil Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2] In their response, Defendants argue that Plaintiff's motion is premature under *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996). In that case, the Supreme Court noted that the plaintiff, by timely moving for remand, did all that was required to preserve his objection to removal. The Court went on to state, "An order denying a motion to remand, standing alone, is obviously not final and

1

As an initial matter, the Court notes that a motion to reconsider is not an opportunity to rehash arguments previously considered and rejected. See *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (Rule 59(e) motion). Plaintiff's motion is an attempt to do just that. In his motion to remand (Doc. #2), Plaintiff raised two arguments, neither of which the Court found compelling. First, Plaintiff argued that the 30-day time limit for removal began to run when the non-diverse defendants were dismissed. Second, Plaintiff argued that a letter sent by counsel to Defendant's agent constituted "other paper" under 28 U.S.C. 1446(b).[3] Relying on this Court's decision in *Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614 (E.D. Ky. 1995) (Forester, J.), the Court concluded that: 1) where Plaintiff's complaint failed to specify the damages being sought, Defendant properly engaged in discovery to determine whether the amount in controversy was satisfied once complete diversity existed, and 2) Defendant timely filed its notice of removal once that determination was made. Plaintiff's motion to remand was, therefore, denied.

In his current motion, Plaintiff maintains that the Court's conclusion that section 1446(b)'s "other paper" refers only to subsequently-filed pleadings or documents was erroneous. In support, he cites to this Court's opinion in *Bragg v. Kentucky RSA #9-10, Inc.*, 126 F. Supp. 2d 448 (E.D. Ky. 2001). In that case, Judge Hood held that where the

---

immediately appealable as of right." *Id*. quoting *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 578 (1954). Nor is a plaintiff required to seek permission to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) in order to avoid waiving whatever ultimate appeal right he may have. *Lewis*, 519 U.S. at 74.

[3]The Court interpreted Plaintiff's argument that the letter constituted "other paper" as an alternative argument. However, it is clear from Plaintiff's motion to reconsider that he relies on the letter for the purpose of establishing that Defendant knew, even before suit was filed, that the damages claimed were in excess of $75,000 and, thus, the time for removal began to run when the non-diverse defendants were dismissed.

defendants had actual knowledge that the plaintiffs' damages would exceed the $75,000 minimum based on the parties' pretrial interaction, the 30-day period for removal began to run from the time the complaint was served.  As the following discussion illustrates, Plaintiff's reliance on *Bragg* is misplaced.

First and foremost, the defendants in *Bragg* had actual knowledge, prior to being served with the complaint, that the plaintiffs' damages clearly exceeded the minimum statutory requirements for removal to federal court.  *Id*. at 450.[4]  This "actual knowledge" arose from a property damage estimate that was prepared by an independent construction company for the plaintiffs, and furnished to the defendants.  *Id*. at 448.  The estimate was provided to the defendants approximately three months before the plaintiffs filed suit, and indicated that the necessary clean-up costs totaled $483,000.  *Id*.  The defendants acknowledged these facts in their interrogatories, in which they asked whether the plaintiffs were seeking to recover damages in excess of the $483,000 set forth in the estimate dated February 20, 1999 and previously provided to the defendants on or about September 27, 1999.  *Id*. at 449.  Nevertheless, the defendants argued that their 30-day removal period did not begin to run until they received the plaintiffs' interrogatory answers, which they alleged constituted "other paper" under section 1446(b).  *Id*.

The court disagreed, noting that the initial pleading and surrounding events gave the defendants actual knowledge that the damages exceeded the statutory requirements for removal.  *Bragg*, 126 F. Supp. 2d at 449.  This knowledge was acquired by the defendants as a result of pretrial interaction with the plaintiffs - namely visiting their property to survey

---

[4]The plaintiffs' land subsided due to the negligence of the defendants, who maintained a cellular telephone tower site on the property.  *Bragg*, 126 F. Supp. 2d at 448.

3

the damage, and reviewing the damage estimate. *Id*. at 450. The court concluded, therefore, that the 30-day period for removal set forth in 28 U.S.C. § 1446(b) began to toll when the defendants were served with a copy of the verified complaint. *Id*. Under that standard, the defendants' notice of removal was untimely. *Id*.

Unlike the court in *Bragg*, this Court has serious difficulty imputing actual knowledge to Defendants that the amount in controversy requirement was satisfied *before they received Plaintiff's response to its request for admission.* In the Court's view, the April 16, 2004 letter from Plaintiff's counsel to Nationwide's agent warning that Nationwide's bad faith transformed "a mere policy limits claim [into] a million dollar claim" was based solely upon counsel's opinion of the case, and represents the type of hyperbole frequently employed by attorneys in the zealous representation of their clients. This type of speculation is in stark contrast to a damage estimate prepared by a neutral, detached non-party and based on objectively verifiable data. For this reason, the Court concludes, consistent with its June 22, 2005 Opinion and Order (Doc. #9), that: 1) neither the April 16th letter nor Plaintiff's state court complaint was sufficient to put Defendants on notice that Plaintiff is seeking more than $75,000 in damages; 2) after the non-diverse defendants were formally dismissed, Defendants properly engaged in discovery to determine whether the amount in controversy requirement was satisfied; and 3) upon receiving solid and unambiguous information that the case was removable, Defendants timely filed a notice of removal.

Procedurally, the Court also notes that *Bragg* is inapposite. In that case, there was no other barrier to removal at the time the case was filed; whereas, in this case, complete diversity did not exist until several months later, after Plaintiff reached a settlement with the

4

non-diverse tortfeasors.

In accordance with the above,

**IT IS ORDERED** that:

(1)  Plaintiff's motion to alter or amend the Court's June 22, 2005 judgment (Doc. #11) be, and hereby is, **DENIED**; and

(2)  Defendants' request for hearing (Doc. #13) is **DENIED** as moot.

This 31st day of August, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\7-05-22-MotiontoReconsider.wpd